The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below.





Russ Kendig
United States Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | |
|---|---|
| In re: | ) |
| | ) CHAPTER 13 |
| MICHAEL DAVID BLANTON & | ) |
| | ) CASE NO. 10-60160 |
| LORI ANN BLANTON, | ) |
| | ) JUDGE RUSS KENDIG |
| Debtors. | ) |
| | ) **MEMORANDUM OF OPINION** |

On June 18, 2010, debtors Lorie Ann Blanton and Michael David Blanton ("debtors") filed an objection to claim 22-1, filed by Graham's Used Car Outlet ("Graham's"). The objection is now before the Court.

## BACKGROUND

On July 22, 2009, the debtors purchased a 1998 Chevrolet Blazer from Graham's for a price of $6,136. The debtors put $750 down and financed $4,874 at 23.52% interest. On January 20, 2010, the debtors filed a petition under chapter 13 of the bankruptcy code. Graham's filed claim 22-1 on May 22, 2010. The claim states that the debtors owed Graham's $4,956 at the date of filing at an interest rate of 23.52%. The debtors' objection does not contest the amount owed but seeks to reduce the interest rate to 5.25%.

A hearing on the objection was held on August 25, 2010. At the hearing, Douglas L. Thrush represented the debtors, and James R. Blunt, II represented Graham's. The debtors argued that the 5.25% interest rate is dictated by the Supreme Court's decision in Till v. SCS Credit

Corp., 541 U.S. 465 (2004) (plurality opinion). Graham's argued that the appropriate rate is the contract or prevailing market rate, which is 15%. The Court requested that the parties submit briefs to support their legal positions and provide the Court with information concerning prevailing interest rates. However, no briefs were submitted.

## LAW AND ANALYSIS

Secured creditors are entitled to interest in chapter 13 plans. Pursuant to 11 U.S.C. § 1325(a)(5), secured creditors must receive payments on the "value" of their collateral. The word "value" implies that secured creditors are entitled to interest because of the time value of money. Till, U.S. at 469. That term is also used with similar effect in other sections of the code, including 11 U.S.C. §§ 1129, 1173, 1225 and 1228. Id. at 475 n.10.

Following the enactment of the bankruptcy code, the circuits fashioned divergent approaches for determining appropriate interest rates. Till, 541 U.S. at 466. For example, the Fifth Circuit and the Third Circuit adopted the "presumptive contract rate" approach under which the secured creditor is presumptively entitled to the contract rate in a chapter 13 plan. GreenTree Fin. Serv. Corp. V. Smithwick (In re Smithwick), 121 F.3d 211, 214 (5th Cir. 1997). The Sixth Circuit adopted the "coerced loan approach." Memphis Bank and Trust Co. v. Whitman, 692 F.2d 427 (6th Cir. 1982) Under the coerced loan approach, the most appropriate interest rate is the current market rate for similar loans in the region. Id. at 431.

In Till, the Supreme Court attempted to resolve the split among the circuits. Unfortunately, the Court issued a fractured decision. A plurality of four judges held that the "prime-plus" approach is the correct approach for determining the interest rates paid to secured creditors in chapter 13 plans. Till, 541 U.S. at 479. Under the prime-plus approach, the Court starts with the national prime interest rate as published in the Wall Street Journal and adds an adjustment based upon "the circumstances of the estate, the nature of the security, and the duration and feasibility of the reorganization plan." Id. The Till court did not decide what sort of interest adjustment should be typical but noted that other courts had used adjustments of between 1% and 3%. Id.

Till's only holding was by virtue of Justice Thomas's one judge concurrence. He concluded that a secured creditor is entitled to a risk-free rate with no adjustment. Id. at 586–87. He noted that section 1325(a)(5) requires a valuation of the *property* to be distributed, not the debtor's *promise* to repay. Id. He reasoned that no adjustment is appropriate because the risk of default is attributable solely to the debtor's promise. Id. He voted with the plurality only because the amount of interest proposed under the debtor's plan was greater than the risk-free rate. Id. at 491.

What has become obvious since Till was decided is that courts have rushed headlong to embrace it as precedential when it is not based upon traditional American jurisprudence. In In re Cook, 322 B.R. 336, 339–46 (Bankr. N.D. Ohio 2005), this Court expressly considered the

2

degree to which the Till plurality opinion is binding precedent. To make this determination, the Court applied the Marks test, which remains good law. Under the Marks test, when a fragmented Court decides a case the precedential effect of the case is limited to the legal matters on which the plurality and the concurrence agree. Id. at 341 (citing Marks v. United States, 430 U.S. 188, 193 (1977)) (internal quotations omitted). In Till, the the only thing that the plurality and concurrence agreed on is the outcome. As such, this Court concluded that Whitman's coerced contract approach remained good law in the Sixth Circuit. Id. at 341.

Since this Court decided Cook, the Sixth Circuit Court of Appeals has indicated in dicta that bankruptcy courts should follow Till when determining interest rates in chapter 13 plans. Bank of Montreal v. Official Comm. of Unsecured Creditors (In re Am. Homepatient, Inc.), 420 F.3d 559, 566–68 (6th Cir. 2005). In American Homepatient, the court considered the applicability of Till's prime-plus approach to cramdown interest rates in Chapter 11 bankruptcy. The court concluded that strict application of the prime-plus approach is not appropriate in chapter 11 cramdowns. Id. at 568. However, in dicta, the court stated that Till *does* require application of the prime-plus approach in the context of chapter 13 plans. Id. 566–68.

In addition, the Bankruptcy Appellate Panel for the Sixth Circuit has endorsed Till's prime-plus approach in the context of section 1325(a)(5). DaimlerChrystler Services North Am. LLC v. Taranto (In re Taranto), 365 B.R. 85, 90 (B.A.P. 6th Cir. 2007) ("This Panel believes that the Till rationale remains valid and binding."). In light of these recent developments, the Court believes that the Sixth Circuit would adopt Till in the chapter 13 context if presented directly with the question.

Accordingly, the Court applies the prime-plus approach in this case. The current national prime rate is 3.5%. The 5.25% interest rate suggested by the debtors falls in the middle of the 1% to 3% range suggested by Till. Graham's has not provided any evidence that suggests that the circumstances of this case are exceptional.

Accordingly, the Court sustains the debtors' objection.

It is so ordered.

\#   \#   \#

Service List:

Michael David Blanton
40 Park Ave
Shelby, OH 44875

3

Lorie Ann Blanton
40 Park Ave
Shelby, OH 44875

Toby L Rosen
400 W Tuscarawas St
Charter One Bank Bldg
4th Floor
Canton, OH 44702

Douglas L Thrush
13 Park Ave W
#314
Mansfield, OH 44902-1714

James L. Blunt
445 W. Longview Ave.
Mansfield, OH 44903